# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KERN, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ADRIENNE V. TAUAESE**
**United States Army, Appellant**

ARMY 20120176

Headquarters, I Corps
David L. Conn and Mark A. Bridges, Military Judges
Lieutenant Colonel John T. Rothwell, Staff Judge Advocate

For Appellant: Captain Brian J. Sullivan, JA (argued); Major Jaired Stallard, JA; Major Vincent T. Shuler, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee: Captain T. Campbell Warner, JA (argued); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

30 January 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A general court-martial, consisting of officer and enlisted members, convicted appellant, contrary to her pleas, of thirteen specifications of larceny in violation of Article 121, Uniform Code of Military Justice. 10 U.S.C. § 921 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, and confinement for three months.

This case is before the court for review under Article 66, UCMJ and warrants brief remark. Appellant assigns one error and raises a number of issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Appellant asserts that the evidence is legally and factually insufficient to sustain her convictions for larceny because the government failed to establish that the alleged victim of the larcenies, Credit First National Association (CFNA), owned

the money stolen. However, the stipulation of expected testimony from the Chief Financial Officer (CFO) of CFNA and the stipulation of fact relative to the transactions at issue in the case, make quite clear that the amounts of money alleged were stolen from the account alleged and that that money belonged to the account holder alleged – CFNA.[*] Whatever the financial nature of that so-called "zero-balance" account, and whatever the relationship between CFNA and other financial and business institutions interested in the transactions at issue in this case, there is no doubt that appellant participated in the theft of CFNA monies as alleged and as contemplated by Article 121, UCMJ. *See generally United States v. Lubasky*, 68 M.J. 260, 263 (C.A.A.F. 2010); *Manual for Courts-Martial, United States* (2008 ed.), Part IV, ¶ 46.a.(a), b.(1)(a)-(b), c.(1)(c).

On consideration of the entire record, including those matters raised by appellant pursuant to *Grostefon*, the parties' briefs, and oral argument, the findings of guilty and the sentence are AFFIRMED.

Senior Judges LIND and KERN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] For example, the CFO testified that "[i]n August of 2010 CFNA discovered that the unauthorized removal of money from the CFNA account involving Automated Clearing House or "ACH" debit transactions had occurred" and that "[e]ach debit that was not related to Bridgestone operations unlawfully transferred money belonging to CFNA to another individual."